# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KONG MENG XIONG; and<br>LUH XIONG<br><br>           Plaintiffs,<br><br>     v.<br><br>EDUARDO CHAVEZ; and JAMES LODWICK,<br>           Defendants.<br>_____/ | **Case No.: 1:13-cv-00083-SKO**<br>**Consolidated with 1:13-cv-00111-SKO**<br><br>**ORDER ON PARTIES' MOTIONS IN LIMINE**<br><br>(Docs. 87, 89, 90, 91) |

The Court conducted a telephonic hearing on the parties' Motions in Limine on August 28, 2015. Plaintiff Kong Meng Xiong ("Kong") appeared telephonically through his counsel, M. Jeffery Kallis, Esq., and Steven Berki, Esq.; Plaintiff Luh Xiong ("Luh") appeared telephonically through his counsel Adante Pointer, Esq.; and Defendant Officers Chavez and Lodwick ("Defendants") appeared telephonically through their counsel Dale Allen, Esq., and Kevin Allen, Esq.

**A.     Kong's Motions In Limine**

As set forth on the record in open court, Plaintiff Kong Xiong's Motions in Limine ("MIL") are ruled upon as follows:

1.     Kong's MIL No. 1 to exclude Defendants' expert's testimony based on "enhanced video" or enhanced photos that Plaintiffs assert were never produced is DENIED.

2. Kong's MIL No. 2 to prohibit any expert opinion on ultimate facts and legal conclusions is GRANTED IN PART and DENIED IN PART. Expert opinions in the form of legal conclusions shall be excluded. Mr. Schott may testify about the technical aspects of the video he reviewed, but he may not give an opinion about what the video images depict.

3. Kong's MIL No. 3 to exclude evidence and testimony regarding Kong's alleged tattoos and physical markings is GRANTED.

4. Kong's MIL No. 4 to exclude testimony or reference to firearms, weapons, and contraband that was recovered from the residence or backyard of the home where the shooting occurred is GRANTED as to evidence seized from Kong's vehicle, DENIED as to the second gun subject to laying a proper foundation and establishing relevance, and DEFERRED as to post-incident interview statements of Kong.

5. Kong's MIL No. 5 to exclude evidence of Kong's criminal history, arrests, charges, and convictions is GRANTED with a limited exception for use as impeachment evidence, but only to the extent Kong places this evidence at issue, and the relevance of the evidence is established by a proffer made outside the presence of the jury.

6. Kong's MIL No. 6 to prohibit evidence or testimony concerning Defendants' exoneration by the Review Board is GRANTED.

7. Kong's MIL No. 7 to exclude evidence, testimony, reference, or any argument which characterizes the party at the subject location as a "gang party" or persons in attendance as "gang members" is GRANTED, but DEFERRED with regard to evidence pertinent to the officers' training and experience responding to a reported Penal Code 417 offense.

8. Kong's MIL No. 8 to prohibit evidence and testimony regarding Kong's alleged gang affiliations is GRANTED with a limited exception for use as impeachment evidence upon a proffer from Defendants outside the presence of the jury.

9. Kong's MIL No. 9 to exclude evidence from officers or third-party witnesses who do not have personal knowledge of the subject incident or Kong's damages is GRANTED, but deferred as to the testimony of Officer Deliman.

10. Kong's MIL No. 10 to exclude evidence and testimony regarding statements made

by third parties in police reports and any police reports themselves is DEFERRED to trial.

11. Kong's MIL No. 11 to exclude evidence or testimony concerning Defendants' expert witness Steven Papenfuhs' opinion is DENIED.

12. Kong's MIL No. 12 to exclude evidence by Defendants' expert Steven Papenfuhs for failure to review documents concerning the current case is DENIED to the extent Mr. Papenfuhs offers testimony based upon documents he reviewed and testimony responding to appropriately posed hypothetical questions.

**B.     Defendants' Motions in Limine**

1. Defendants' MIL No. 1 to exclude Plaintiffs' expert Gregg Stutchman is ruled upon as follows:

   a. Mr. Stutchman's opinion regarding the microphone quality is excluded as disclosed untimely and as outside the scope of his retention as an expert;

   b. Mr. Stutchman's exemplar testing conducted the night before his deposition is excluded as disclosed untimely; and

   c. The ruling on Mr. Stutchman's opinions regarding waveform and spectrograph testing is deferred for trial.

2. Defendants' MIL No. 2 to exclude and limit introduction of evidence related to Merced Police Department approved weapons and munitions is GRANTED as to Plaintiffs' expert Mr. Williams' offering ballistics testimony for which he was not disclosed as an expert, but DENIED as to testimony from Officers Chavez and Lodwick about the capability of the weapon and ammunition they carried.

3. Defendants' MIL No. 3 to exclude all evidence of claims not before the Court is DEFERRED to trial.

4. Defendants' MIL No. 4 to exclude evidence regarding Vang Thao and other bystanders is ruled upon as follows:

   a. GRANTED as to evidence of Vang Thao's death;

   b. DENIED as to evidence related to the presence of bystanders generally; and

   c. DEFERRED as to evidence that Vang Thao was struck with a bullet.

5. Defendants' MIL No. 5 to exclude certain aspects of Plaintiffs' police practices expert T. T. Williams, Jr., is ruled upon as follows:

    a. Mr. Williams will be permitted to testify to what he observed on the video because that comprises the basis for his ultimate opinion;

    b. Mr. Williams' answers to hypothetical questions will be evaluated during the course of his trial testimony, and this issue is therefore DEFERRED;

    c. The parties shall meet and confer regarding the remaining substance of Mr. Williams' testimony, and the Court will address any other disputes prior to his testimony at trial.

6. Defendants' MIL No. 6 to preclude Plaintiffs from using a 40-caliber semi-automatic handgun for demonstrative purposes is GRANTED.

7. Defendants' MIL No. 7 to exclude evidence of current or past media reports in any form about the current matter is DEFERRED.

8. Defendants' MIL No. 8 to exclude testimony in the form of rhetorical questions or speculation as to the officers' state of mind and to exclude reference to national media accounts of law enforcement is DEFERRED.

9. Defendants' MIL No. 9 to exclude evidence relating to Kong's medical billing records, Kong's medical providers, Kong's medical records, and Luh's medical billing records because they were not initially disclosed is GRANTED, but Kong may testify to his pain and suffering to the extent of his lay knowledge.

10. Defendants' MIL No. 10 to exclude the officers' personnel records is DENIED as to officers' statements to the investigative board related specifically to this incident.

11. Defendants' MIL No. 11 to deem admissible Kong's post-incident interview and Kong's criminal conviction under California Penal Code § 12024(d) is ruled upon as follows:

    a. DENIED as to Kong's criminal conviction; and

    b. DENIED as to *all* portions of Kong's post-incident interview.

**C.  Luh's Motions in Limine**

1. Luh's MIL No. 1 to exclude Luh's criminal history is DEFERRED so that the admissibility of this evidence may be determined in context at trial.

2. Luh's MIL No. 2 to exclude testimony and evidence of items seized from Luh's home after the incident is DEFERRED to trial.

IT IS SO ORDERED.

Dated:   **September 2, 2015**                              **/s/ Sheila K. Oberto**
                                                                                      UNITED STATES MAGISTRATE JUDGE